IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HEATHER L. STEVENS,

      **Plaintiff,**

v.                                                  Civil Case No.: 11-CV-190

COUNTY OF LA CROSSE,

      **Defendant.**

## COUNTY OF LA CROSSE'S ANSWER TO PLAINTIFF'S COMPLAINT

The County of La Crosse, by its attorneys, Crivello Carlson, S.C., answers the Plaintiff's Complaint as follows:

A.    Answering plaintiff's unnumbered paragraph under the heading "Jurisdiction and Venue", this Defendant admits the acts giving rise to the claim occurred in this district but deny that this Court has jurisdiction over this domestic relation cases. *Ankenbrandt v. Richards*, 504 U.S. 689 (1992); *Allen v. Allen*, 48 F.3d 259 (7th Cir. 1995). As further answer, deny that the Defendant violated plaintiff's constitutional rights.

1.    Answering ¶ 1, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to her proof thereon.

2.    Answering ¶ 2, admit.

3.    Answering ¶ 3, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to her proof thereon.

4. Answering ¶ 4, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to her proof thereon.

5. Answering ¶ 5 lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to her proof thereon.

6. Answering ¶ 6, deny.

7. Answering ¶ 7, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to her proof thereon.

8. Answering ¶ 8, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to her proof thereon.

9. Answering ¶ 9, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to her proof thereon.

10. Answering ¶ 10, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to her proof thereon.

11. Answering ¶ 11, deny that the Local Rule is one adopted by the County of La Crosse, but admit that the Local Rule adopted by the courts of the county states what is quoted.

12. Answering ¶ 12, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to her proof thereon.

13. Answering ¶ 13, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to her proof thereon.

14. Answering ¶ 14, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to her proof thereon.

15. Answering ¶ 15, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to her proof thereon.

16. Answering ¶ 16, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to her proof thereon.

17. Answering ¶ 17, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to her proof thereon.

18. Answering ¶ 18, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to her proof thereon.

19. Answering ¶ 19, deny that the Answering Defendant violated any of the Plaintiff's rights and as to further allegations, lack knowledge and information sufficient to form

a belief as to the remaining allegations contained therein and therefore deny the same putting the plaintiff specifically to her proof thereon.

20. Answering ¶ 20, deny that plaintiff's citation as to Sec. 42 U.S.C. Sec. 1983 is complete and therefore, deny the same.

21. Answering ¶ 21, deny that plaintiff's citation as to Amendment XIV to the U.S. Constitution is complete and therefore, deny the same.

22. Answering ¶ 22, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to her proof thereon.

23. Answering ¶ 23, deny.

24. Answering ¶ 24, deny.

25. Answering ¶ 25, deny.

26. Answering ¶ 26, deny.

27. Answering ¶ 27, deny that plaintiff's citation as to Article 1, Section 13 of the U.S. Constitution is complete and therefore, deny the same.

28. Answering ¶ 28, deny.

29. Answering ¶ 29, deny.

30. Answering ¶ 30, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to her proof thereon.

31. Answering ¶ 31, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting the plaintiff specifically to her proof thereon.

32. Answering ¶ 32, deny.

33. Answering ¶ 33, deny.

34. Answering ¶34, deny.

35. Answering ¶ 35, deny.

## AFFIRMATIVE DEFENSES

The defendant, La Crosse County, by its attorneys, Crivello Carlson, S.C. submits the following affirmative defenses to the plaintiff's Complaint:

a. the injuries and damaged sustained by the plaintiff, if any, were caused in whole or in part by her own acts or omissions and her failure to mitigate;

b. the injuries and damages sustained by the plaintiff, if any, were caused in whole or in part by the acts or omissions of persons other than this answering defendant;

c. this defendant is immune from liability under common law immunities including judicial immunity, statutory immunities and qualified immunity;

d. to the extent that the plaintiff presents claims under Wisconsin law, they are subject to the limitations, immunities and notice provisions contained within Wisconsin Statutes § 893.80;

e. the plaintiff has failed to exhaust avenues for relief available in forums other than a United States Federal District Court;

f. plaintiff's claims may be barred by applicable statutes of limitations;

g. plaintiff's complaint contains claims which fail to state a claim upon which relief may be granted as against this answering defendant;

h. plaintiff's claims are precluded by the Rooker-Feldman doctrine;

i. plaintiff's claims are barred by the principles of issue preclusion (collateral estoppel) and claim preclusion (res judicata);

j. this court does not have jurisdiction over this answering defendant;

k. the plaintiff's claims in federal court are in violation of the Younger doctrine in that issues associated with this case are the subject of litigation in the Wisconsin state courts;

  l. plaintiff is precluded from recovering punitive damages against this defendant; and

  m. plaintiff's injuries or damages, if any, were not caused by a governmental policy or practice of this answering defendant.

WHEREFORE, this answering defendant respectfully requests judgment as follows:

  A. for dismissal of the plaintiff's Complaint upon its merits;

  B. for the costs and disbursements of this action;

  C. for reasonable actual attorney's fees pursuant to 42 U.S.C. Sec. 1988; and

  D. for such other relief as this court deems just and equitable.

Dated this  4th  day of April, 2011.

            CRIVELLO CARLSON, S.C.
            Attorneys for defendant, La Crosse County


          BY:   s/ Amy J. Doyle  
            AMY J. DOYLE
            State Bar No.:  1001333
            WILLIAM E. KEELER, III
            State Bar No.:  1059791

P.O. ADDRESS:
710 N. Plankinton Avenue, Ste. 500
Milwaukee, WI  53203
Phone:  (414) 271-7722
Fax:  (414) 271-4438
Email: adoyle@crivellocarlson.com
Email: wkeeler@crivellocarlson.com

6